IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EUGENE WINDER,                          *
         Petitioner

                              *

         v.                                 CIVIL ACTION NO. JFM-05-1713

                              *

U.S. DEPARTMENT OF JUSTICE,
         Respondent              *

                          ******

## MEMORANDUM

Petitioner filed this Petition for Writ of Mandamus on June 23, 2005, seeking to have the United States Department of Justice process his renunciation of his United States citizenship and issue him a loss of nationality certificate pursuant to § 349(a)(6) of the Immigration and Nationality Act.  Paper No.  1.

Respondent has filed a dispositive motion (*see* Paper No. 8), which shall be treated as a motion to dismiss.[1]   Petitioner has not filed a response.[2]  No hearing is needed to resolve the question as to whether petitioner is entitled to the relief requested. *See* Local Rule 105.6.

Under 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to

---

[1]Petitioner has filed a Motion for Summary Judgment (Paper No. 4) wherein he claims he is entitled to relief due to his erroneous belief that respondents did not timely answer the petition. The motion shall be denied. Petitioner also filed a "Motion for Denial of Defense Request for Extension of Time to Respond to Show-Cause Order; and Motion for Denial of Time to Respond" (Paper No. 11) wherein he opposed respondent's motion for extension of time to respond to the petition. Respondent's motion was granted, rendering petitioner's motion moot.

[2]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on January 9, 2006, petitioner was notified that respondent had filed a dispositive motion, the granting of which could result in the dismissal of his action.  Paper No. 13. Petitioner was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

perform a duty owed to the petitioner.    In order to meet the requirements for mandamus relief, petitioner must show that he has the clear legal right to the relief sought; that respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.  *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).  In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[3]  *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Total Care, Inc. v. Sullivan*, 1991 U.S. App. Lexis 29804 (4th Cir. December 23, 1991) (unpublished); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).

The undersigned concludes that petitioner has failed to meet the above established criteria. According to petitioner, on an unspecified date he wrote the United States Attorney General "to request of him to process my renunciation of U.S. Citizenship, and to be issued a copy of Loss of Nationality Certificate."  Paper No. 1.  Petitioner cites section 349(a)6) of the Immigration and Nationality Act[4] ("INA").

In general, "no national of the United States can lose United States nationality under [the INA] while within the Untied States or any of its outlying possessions." 8 U.S.C. § 1483.  The only two exceptions to the general rule that citizenship cannot be renounced while remaining physically present within the United States are when: (1) the United States is in a formal state of war; and/or

---

[3]A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.  *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

[4]*See* 8 U.S.C. § 1481 (a)(6).

(2) an individual has committed an act of treason.  *See* 8 U.S.C. §1483. The United States is not in a formal state of war, nor has petitioner alleged that he has committed a treasonous act. Accordingly, petitioner is not entitled to mandamus relief.

A separate Order shall be entered reflecting the Opinion set forth herein.


February 27, 2006                          /s/_____
   Date                                         J. Frederick Motz
                                                United States District Judge